United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50703
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS NOE SALAZAR-MONTES, also known as
Carlos Noe Salazar, also known as Carlos Salazar,

Defendant-Appellant.

- - - - - - - - - - - - - - -

Consolidated with

_____

No. 04-50704
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS NOE SALAZAR, also known as Carlos Salazar,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-299-ALL-FM
USDC No. 3:99-CR-273-ALL-FM
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence of Carlos Noe Salazar-Montes (Salazar) for illegal reentry by an alien. United States v. Salazar-Montes, No. 04-50703 (5th Cir. Dec. 17, 2004) (unpublished). This court also affirmed the revocation of Salazar's supervised release and sentence therefore in the consolidated case, No. 04-50704. The Supreme Court vacated the judgments in both cases and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Chacon-Avitia v. United States, 125 S. Ct. 1952 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

Salazar contends that he is entitled to resentencing because the district court erred under Booker by sentencing him under a mandatory application of the United States Sentencing Guidelines. This court will not consider a Booker-related challenge raised for the first time in a petition for certiorari, as in Salazar's case, absent extraordinary circumstances. See United States v. Taylor, 409 F. 3d 675, 676 (5th Cir. 2005). Extraordinary circumstances is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a "much more demanding standard to meet than plain error." Id. at 677.

Salazar contends that he can show plain error resulting from the district court's application of the Guidelines. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Application of the Guidelines as mandatory in determining a defendant's sentence is plain or obvious error after Booker. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-34 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). However, a defendant also must establish that the error affected his substantial rights by reference to "the sentencing judge's remarks or otherwise." Mares, 402 F.3d at 522.

Salazar concedes that the district court made no particular remarks disagreeing with the requirements of the mandatory guidelines. However, he argues that there is a reasonable probability that the district court would have imposed a lower sentence, based on the fact that the court made six months of his revocation sentence concurrent with his 77-month reentry sentence. Salazar argues that this indicates at least a reasonable probability that the court would have shown leniency regarding his other sentence as well.

This argument is the sort of speculation that Mares rejects, since it is equally plausible that the district court has already given Salazar all the leniency it deemed appropriate. Accordingly,

Salazar has failed the third part of the plain-error test by not showing a reasonable probability that the result would have been different except for the error. See Mares, 402 F.3d at 521. Since Salazar has not shown plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." Taylor, 409 F.3d at 677.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Salazar's conviction and sentence in his reentry case and the judgment in his revocation case.

AFFIRMED.